IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 07-cv-00992-WDM

In re:

JUSTIN D. BROWN and
STACY L. BROWN,

    Debtors.

JUSTIN D. BROWN and
STACY L. BROWN,

    Appellants,

v.

LYNN HAHN-MARTINEZ, Chapter 7 Trustee,

    Appellee.

## ORDER

Miller, J.

This matter is before me on Debtor-Appellants Justin and Stacy Brown ("Debtors") appeal of a bankruptcy judge's ruling that a certain Colorado statute does not provide an exemption in bankruptcy. Oral argument was held on this matter on Friday, February 22, 2008. For the reasons that follow, the decision of the bankruptcy judge is reversed and the case is remanded for proceedings consistent with this opinion.

## Background

Debtors filed for bankruptcy on October 26, 2004. In their schedule, Debtors

listed a Sun America Polaris 2A Annuity as an asset and claimed the asset exempt under Colo. Rev. Stat. § 10-7-106. Trustee-Appellee Lynn Hahn-Martinez filed a timely objection to the claim of exemption. At a non-evidentiary hearing on April 25, 2007, the honorable Bruce A. Campbell, bankruptcy judge, concluded, as a matter of law, that Colo. Rev. Stat. § 10-7-106 was not an exemption statute, relying upon prior bankruptcy court cases as precedent. *See In Re Raymond*, 132 B.R. 53 (Bankr. D. Colo. 1991) (hereinafter *Raymond*); *In re Besser*, 356 B.R. 531 (Bankr. D. Colo. 2006) (hereinafter *Besser*); *In re Kennedy*, 336 B.R. 600, 2005 WL 2662328 (B.A.P. 10th Cir. (Colo.) 2005) (hereinafter *Kennedy*). The Debtors now appeal.

Discussion

This appeal raises the question of the meaning of Colo. Rev. Stat. § 10-7-106, in particular, whether this statute creates an exemption in bankruptcy for at least some parties in interest to an annuity. As noted above, the bankruptcy judge ruled, without an evidentiary hearing, that the section "doesn't exempt anything for purposes of a debtor's exemptions in bankruptcy." Tr. at 8. In particular, he stated: "The parties can see that we're dealing with an annuity, and accordingly, we haven't got a question of fact on that, and as a matter of law, I will follow *Raymond*, *Kennedy*, and *Besser*." *Id.* After reviewing the statutory language and the previous cases dealing with this statute, I disagree and conclude that the statute may provide a bankrupt annuity beneficiary an exemption in bankruptcy, depending on the factual circumstances.

Written in 1925 and consisting of a single 143-word sentence, the text of Colo. Rev. Stat. § 10-7-106 is, admittedly, not easy to read:

2

> Whenever, under the terms of any annuity or policy of life insurance, or under any written agreement supplemental thereto, issued by any insurance company, domestic or foreign, lawfully doing business in this state, the proceeds are retained by such company at maturity or otherwise, no person, other than the insured, entitled to any part of such proceeds or any installment of interest due or to become due thereon shall be permitted to commute, anticipate, encumber, alienate, or assign the same, or any part thereof, if such permission is expressly withheld by the terms of such policy or supplemental agreement; and, if such policy or supplemental agreement so provides, no payments of interest or of principal shall be in any way subject to such person's debts, contracts, or engagements nor to any judicial processes to levy upon or attach the same for payment thereof.

Colo. Rev. Stat. § 10-7-106. Upon closer inspection, however, the statutory text is not ambiguous[1] as it can only be read, with effort, in one way: If the proceeds of the annuity or life insurance policy are to be retained by the insurance company at maturity <u>and</u> if the terms of the annuity or policy expressly withhold from the beneficiaries, other than the insured, the right to encumber or assign <u>then</u> the payments to such persons, *i.e.*, the beneficiaries, are not subject to a beneficiary's debts nor can they be levied upon or attached by judicial process. *See* Colo. Rev. Stat. § 10-7-106.

This statutory language that an annuity or life insurance policy is not subject to a beneficiary's "debts, contracts, or engagements nor to any judicial processes to levy upon or attach the same for payment thereof" is not substantially different from other well-recognized bankruptcy exemptions. For example, Colo. Rev. Stat. § 13-54-102(1), the general exemption statute, creates exemptions with simple language: "The

---

[1] In construing a Colorado statute, I should look to Colorado rules of statutory construction. Colorado defines a statute as ambiguous if the statute permits one or more alternative interpretations. *See Planned Parenthood of the Rocky Mtns. Servs. Corp. v. Owens*, 107 F.Supp.2d 1271, 1282 (D.C. Colo. 2000). Where, as here, a statute is unambiguous because it has only one reasonable reading, a court should apply it as written. *Id.*

3

following property is exempt from levy and sale under writ of attachment or writ of execution." Colo. Rev. Stat. § 8-80-103 exempts unemployment compensation "from levy, execution, attachment, or any other remedy provided for the collection of debt." Colo. Rev. Stat. § 26-2-131 exempts public assistance from being "subject to execution, levy, attachment, garnishment, or other legal process or to the operation of any bankruptcy or insolvency law." Colo. Rev. Stat. § 10-7-205 provides that no policy and proceeds of group life insurance "shall be liable to attachment, garnishment, or other process, or be seized, taken, appropriated, or applied by any legal or equitable process or operation of law, to pay any debt or liability of such employee . . . ." Finally, Colo. Rev. Stat. § 24-51-212 states that no[2] state retirement benefit "shall be assignable in either law or in equity or be subject to execution, levy, attachment, garnishment, bankruptcy proceedings, or other legal process." Review of the language of these recognized exemption statutes demonstrates that there is no magic phrase that creates an exemption. Further, the absence of the specific term "bankruptcy" found in some other recognized exemption statutes, *see* Colo. Rev. Stat. §§ 26-2-131; 24-51-212, is not decisive.[3] There are many recognized bankruptcy exemption statutes that do not expressly use the term "bankruptcy." *See, e.g.*, Colo. Rev. Stat. §§ 13-54-

---

[2] The statute does include a list of funds that are not included in this general exemption. *See* Colo. Rev. Stat. § 24-51-212.

[3] The Colorado Legislature could have specifically included the term "bankruptcy" as the United States has had a "continuous federal bankruptcy law since the enactment of the Bankruptcy Act of 1898," twenty-seven years prior to the enactment of Colo. Rev. Stat. § 10-7-106. *See* 7 Collier on Bankruptcy P7.LH[2][a] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.); *accord Cent. Va. Cmty. Coll. v. Katz*, 546 U.S. 356, 286 (2006) (noting that it was not until 1898 that "Congress adopted the first permanent national bankruptcy law").

4

102(1); 8-80-103; 10-7-205.  Although the statutory language used in Colo. Rev. Stat. § 10-7-106 varies slightly from recognized exemptions, it is certainly broad enough to encompass bankruptcy proceedings by providing that annuity payments are not subject to "any judicial processes to levy upon or attach the same for payment thereof."

The view that *Raymond*, *Kennedy*, and *Besser* specifically found that Colo. Rev. Stat. § 10-7-106 was not an exemption statute overstates the holdings of these cases. For example, although *Raymond* did conclude that Colo. Rev. Stat. § 10-7-106 was not an exemption statute with regard to life insurance proceeds when the debtor is the *insured*, it did not decide whether the statute provided an exemption for a *beneficiary*. *Raymond*, 132 B.R. at 55.

In *Besser*, the bankruptcy judge noted that the statute does not create an exemption against creditors of the insured but rather from creditors of others "who may have an economic stake in the annuity, and then, only if the annuity contract so provides." *Besser*, 356 B.R. at 534.  I agree, but the judge went on to conclude that the statute "simply is not an exemption statute at all . . . [and] is designed to uphold limitation on whose creditors an insurer/issuer of an annuity contract must deal with when the annuity contract so provides." *Id.*  This was dicta, however, as the judge acknowledged that "even if this were an exemption statute," it did not exempt the debtor's interest, because he was the owner, not the beneficiary, of the annuity.  *Id.*

In *Kennedy*, the court concluded that the language of the statute "only has effect when life insurance policies or annuities contain specific language restraining the alienation of the contracts benefits by persons other than the insured." *Kennedy*, 2005

5

WL 2662328, at *4. Proof of the policy language, however, was not presented. Because the debtor had the ultimate burden of demonstrating the exemption, that failure of proof resulted in the court denying the exemption claim. *Id.* at 5. The *Kennedy* case did not decide the ultimate question of whether Colo. Rev. Stat. § 10-7-106 provided an exemption. Here, the record is unclear whether Debtors were afforded the opportunity to meet that burden. The indications are that the court below decided the issue solely as a matter of law without providing an opportunity for hearing or considering the express terms of the annuity. Tr. 7–9.

As presented, I conclude that the statute does not provide an exemption for a bankrupt *insured*, but that it does provide an exemption for an annuity payment due a bankrupt *beneficiary*, provided that the proceeds of the annuity are retained and the annuity's express terms withhold the right of the beneficiary to assign or encumber those payments. Indeed, this interpretation of the plain language of the statute is supported by both *Raymond* and *Kennedy*. However, as the bankruptcy judge did not conduct an evidentiary hearing, the record is insufficient with respect to the specific annuity in this case or each Debtor's interest therein. As a consequence, I cannot determine whether an exemption is appropriate in this case.

Accordingly, it is ordered that the decision of the bankruptcy judge is reversed

and the case is remanded for proceedings consistent with this opinion, including factual determinations by the bankruptcy judge of the annuity terms and the nature of the Debtors' interest in the annuity.

DATED at Denver, Colorado, on March 21, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge